IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAMPTON TURNER, Reg. No. 18320-042, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv534-ECM-SMD |
| | ) | [WO] |
| WALTER WOODS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Maxwell Federal Prison Camp ("Maxwell"), filed this civil action seeking relief for alleged exposure to "cruel and unusual punishment" for actions undertaken by an individual employed by the Federal Bureau of Prisons, identified as Ms. Peters, in exposing his personal information to the general public.  Doc. 1 at 1. Plaintiff seeks entry of an order that prison personnel at Maxwell "NOT reveal inmates' personal information to the general public" and monetary damages for the alleged violation of his constitutional rights.  Doc. 1 at 2.

After reviewing Plaintiff's complaint, the court deemed it necessary that Plaintiff file an amendment clarifying his claims and provided him an opportunity to do so.  An order was issued explaining the need for the amendment and providing Plaintiff instructions regarding the contents of the amendment.  Doc. 12.  The time allowed Plaintiff to file the amendment expired on December 30, 2019, without Plaintiff's having filed an amendment.

On January 14, 2020, the court issued a second order directing Plaintiff to file an amendment clarifying his claims.  Doc. 13.  The order again explained the need for the amendment and provided Plaintiff instructions regarding the contents of the amendment.  Id. at 1–2.  The court specifically cautioned Plaintiff that his failure to comply with the directives of the order would result in a Recommendation that this case be dismissed.  Id. at 2.

The time allowed Plaintiff to file the amendment expired on January 28, 2020.  As of the present date, Plaintiff has failed to file an amendment as required by this court.

In light of Plaintiff's failure to file the requisite amendment to his complaint, the court concludes that this case should be dismissed.  *See Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").

2

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to file an amendment to his complaint as ordered by this court.

It is further

ORDERED that Plaintiff shall file any objections to this Recommendation **on or before February 19, 2020**.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of February, 2020.


/s/   Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE